# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| BRIAN HEINZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC. and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) **WASHINGTON PRIVACY ACT, WASH. REV. CODE §§ 9.73.030,** *et seq.*; **AND**<br><br>(2) **WASHINGTON CONSUMER PROTECTION ACT, WASH. REV. CODE §§ 19.86,** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

1. BRIAN HEINZ ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of AMAZON.COM, INC. ("Defendant" or "Amazon"), its related entities, subsidiaries and agents in knowingly, and/or willfully employing and/or causing to be employed certain recording equipment in order to record electronic conversation/s with Plaintiff without the knowledge or consent of Plaintiff, in violation of the Washington Privacy Act ("WPA"), Wash. Rev. Code §§ 9.73.030, *et seq*., and Washington Consumer Protection Act ("WCPA"), Wash. Rev. Code §§ 19.86 *et seq*., thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The WPA prohibits that any "individual, partnership, corporation, association, or the state of Washington, its agencies, and political subdivisions" intercept or record any "private communication" or "private conversation" by any device electronic or otherwise designed to record or transmit such communication and/or conversation without first obtaining the consent of all the participants in the communication and/or conversation. Plaintiff alleges that despite this consent requirement, Defendant continues to violate the WPA by impermissibly recording its electronic communications and/or conversations with its customers.

3. Similarly, the WCPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash. Rev. Code § 19.86.020. Plaintiff alleges that Defendant violated the WCPA by surreptitiously recording the private chat transcripts of its consumers without consent, for its own benefit.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendant. Plaintiff originally filed this action in California state court in the County of Yolo on January 1, 2023. Defendant removed the action to federal court, and thereafter moved to transfer venue to the Western District of Washington pursuant to 28 U.S.C. § 1404(a) and a forum selection clause found in its "Conditions

of Use." Therefore, personal jurisdiction is present, and venue is proper in the Western District of Washington.

5. Defendant removed this action to federal court, and Plaintiff does not contest federal jurisdiction under the U.S. Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

**PARTIES**

6. Plaintiff BRIAN HEINZ is, and at all times mentioned herein was a person for purposes of the WPA. Wash. Rev. Code §§ WPA 9.73.030(1), 9.73.060.

7. Defendant is and at all times mentioned herein was, a corporation for purposes of the WPA. Wash. Rev. Code §§ WPA 9.73.030(1), 9.73.060.

8. The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendant." The true names and capacities of the Defendant sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sue such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

**FACTUAL ALLEGATIONS**

10. On or around July 2022 through September 2022, Plaintiff Heinz, using his cellular phone, visited Defendant's website on occasions and had conversations with Defendant via the chat feature on Defendant's website. The conversations included inquiries about shipping disputes

related to products purchased on Defendant's website. At no time during these conversations did Defendant disclose to Plaintiff Heinz that it was recording the conversations.

11. Defendant, however, did in fact record its conversations with Plaintiff Heinz.

12. It is Defendant's practice to record all chat transcripts with customers on its website. If a user asks Defendant whether the chat conversations are recorded and asks for a transcript, Defendant states:

> You can take a screenshot in this conversation since we don't have an option to send it. No worries, this conversation is also recorded. If in case you contact back we can still review it.

13. Defendant does so intentionally, as it purchased and utilized chat recording software to record chats with consumers who speak to its chat bots in such a manner, for purposes of monitoring their website activity, advertising, security, and customer service. It is facially implausible for Defendant to have *unintentionally* recorded Plaintiff's chats, as well as the chats with other consumers, after having purchased/programmed and implemented software to do so.

10. Defendant records these "live chat" conversations because there is big money to be made: the data is "***a treasure trove of conversational data***—chat history and context—that businesses can begin to use and gain . . . ***It's the juiciest of low-hanging fruit*** . . . The opportunities unlocked with this type of conversational data pool are endless."[1]

11. Plaintiff alleges that his customer service "real-time" chats with Defendant are no different than a phone call because the conversations involve the same topics, information, and subjects. We have all experienced the long hold times, transfers to other customer service representatives, and dropped calls when attempting to solve a customer service issue with a company. In face of these obstacles, numerous consumers, Like Plaintiff, resort to the company's live chat feature to save time and avoid the hassle. However, consumers still have the same reasonable expectation of privacy in these "live" conversations.

---

[1] Warren Levitan, *Conversations with customers are an untapped data goldmine for businesses*, The Next Web (April 14, 2019).

14. These business practices are in violation of Washington state privacy laws. Article 1, Section 7 of the Washington Constitution states that: "No person shall be disturbed in his private affairs, or his home invaded, without authority of law." "Washington's privacy act [WPA] broadly protects individuals' privacy rights […]It is one of the most restrictive electronic surveillance laws ever promulgated." *State v. Roden*, 321 P.3d 1183, 1185 (Wash. 2014) Washington courts "generally presume that conversations between two parties are intended to be private." *State v. Modica*, 164 Wn. 2d 83, 89 (Wash. 2008). Plaintiff asserts that these same expectations of privacy hold true for consumers with respect to chat transcripts, which are equivalent to telephone conversations with customer service agents, as they relate to the same topics and content.

15. Plaintiff, and other members of the Class had a reasonable expectation of privacy concerning that their chat transcripts with Defendant because 1) they were speaking to a business entity via a protected communication, 2) business entities are required to dispel reasonable expectations of privacy as to such communications are not being recorded by providing a conspicuous recording advisory at the outset of the communication if they plan to record said communication, 3) Defendant failed to so advise Plaintiff and other Class Members, and 4) these communications were customer service communications, which involve communications of a nature that a reasonable consumer has come to expect are not being recorded unless so told they were not being recorded.

16. Defendant received Plaintiff's chat transcript by communicating with Plaintiff over a confidential line of communication. The Supreme Court of Washington has held that "Washington's privacy act applies to computers that can record and save messages", and that its protections apply to real time chat messages. *State v. Townsend*, 147 Wn. 2d 666, 680 (Wash. 2002)

17. It is Defendant's practice to record all communications that occur on its website, and use the recorded conversations for financial gain. That is, Plaintiff and putative class members are unwittingly providing valuable information to Defendant without anything in return. Plaintiff and consumers "have provided valuable data to [Defendant] and have received *no* money in

return." *Brown v. Google LLC*, 2021 U.S. Dist. LEXIS 244695, at *52 (N.D. Cal. Dec. 22, 2021) (collecting cases).

18.  Published research titled *Mining the Minds of Customers from Online Chat Logs*[2] has noted that companies secretly use recorded chat conversation for data mining, marketing, and advertising purposes. "Analyzing text logs in live chats can help identify what customers are saying about products and services as well as how well the support staff is performing, which is crucial for improving customer experience." The researchers found that there is a "wealth of data in live chat systems" which provides the opportunity to "analyzing unstructured chat content, we can extract the possible feedbacks buried in chat logs and determine (1) what topics are being discussed in chat logs, (2) what sentiments those chats accompany, and (3) what the overall satisfaction level of customers is."

19.  An article titled *Conversations with customers are an untapped data goldmine for businesses*[3] stated that "achieving the elusive '360 degree view of the customer' has become the holy grail for brands." In fact, the author noted the data provided by customer chat conversation is the goldmine because it "untapped" data of "what a customer is actually saying." Live chat features "allow customers to communicate with brands in the same personal and immediate way they interact with friends and family. And they're doing it in huge numbers." "An ability to collect, store, aggregate, analyze, and ultimately act upon the actual words customers are saying to them, would surely enable brands to deliver the type of intelligent and seamless experiences their customers pine for." "This rise of business messaging is set to product a treasure trove of conversational data – chat history and context – that business can begin to use and gain a more complete and personal view of their customers. *It's the juiciest of low-hanging fruit*."

20.  As one of the largest data miners in the world, Amazon is certainly utilizing its customer's chat conversations as an asset. "Most live chat platforms incorporate real-time data and

---

[2] Kunwoo Park, Jaewoo Kim, Jaram Park, Meeyoung Cha, Jiin Nam, Seunghyun Yoon, and Eunhee Rhim. 2015. *Mining the Minds of Customers from Online Chat Logs*. In Proceedings of the 24th ACM International on Conference on Information and Knowledge Management (CIKM '15). Association for Computing Machinery, New York, NY, USA, 1879–1882.

[3] Warren Levitan, *Conversations with customers are an untapped data goldmine for businesses*, The Next Web (April 14, 2019).

analytics tools that can enable you to pinpoint what's working and what can be improved."[4] Utilizing the recorded live chat conversations helps companies like Amazon "get one over your competition." "Live chat software will allow you to store previous conversations. Utilize this feature by giving operatives time to scan through historical conversations with repeat customers. This can help them to: Identify what problems they've had previously. Let's say a previous problem wasn't resolved. In this case, the operative can be prepared to pick up the conversation right where it left off. Learn what products they've previously purchased (and consequently, are likely to purchase this time around). Establish the 'type' of customer they're about to talk to and the style of language they use and will respond best to. The contents of the conversations between Defendant and Plaintiff that were recorded by Defendant were confidential in nature."

21. At no point did Plaintiff have a reasonable expectation that any of the conversations with Defendant were being recorded because at no time did Defendant inform Plaintiff that it was recording their conversations. Had Plaintiff known that the conversations were being recorded by Defendant, Plaintiff would have conducted himself differently.

22. Further, the chats occur, and then disappear to the user. A live chat user does not know the conversations are being recorded and kept for further use and does not receive or maintain a copy of the conversation unlike emails and text messages. If one goes back to Defendant's website the conversation is no longer there.

23. A simple advisement that the chats are recorded would have solved this problem but, instead, Defendant has chosen to take advantage of this technology, invade Plaintiff's and other class members' privacy, and reap the benefits of the free conversational data. Defendant failed to provide Plaintiff with a recording advisory at the outset of the recorded chat communication as expected by consumers when carrying on private communication with businesses. As shown below, Amazon provides no disclaimer or any kind of notice that it is recording the chat conversations with its customers:

---

[4] Sujan Patel, *How To Leverage Live Chat for Marketing & User Acquisition [Growth Hack]*, LinkedIn (October 6, 2015).

6
CLASS ACTION COMPLAINT



24.     To make matters worse, Amazon's competitors do inform their customers that the live chat conversations are recorded. Several other popular websites clearly disclose that the conversations via the live chat feature are being recorded in compliance with Washington law. For example, when a user opens the chat feature on apple.com, it states "Apple may record the following chat for quality control and training purposes. We also use cookies to save your chat history and connect it to purchases":



25. When a user opens the chat feature on dell.com, it states that "Any data collected here will be processed per Dell's applicable **Privacy Statement**":



26. When a Version customer opens the live chat feature it states "Please note that we may monitor or retain this chat":



27. It is Defendant's pattern and practice to record conversations via its website chat feature made to Untied States residents. Defendant does not inform, or warn, United States residents, including Plaintiff, that the conversations may be or will be recorded. Plaintiff was unaware that the conversations he made to Defendant were recorded. There was no pre-conversation notice that the conversations were being recorded. Defendant's representatives never informed Plaintiff that the conversations via the chat feature on Defendant's website were being recorded, until they were directly asked.

28. Plaintiff did not learn that Defendant recorded the conversations until after the recording had already been made.

29. Plaintiff suffered injury as a result of Defendant's unlawful recording practices. Plaintiff gave Defendant his private information and chat logs unknowingly, which Defendant used to train its staff and software without compensation to Plaintiff. Further, Plaintiff provided his conversational data which is worth money[5] and received nothing in return.

**ACCRUAL OF RIGHTS TO PRIVACY CLAMS, CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT**

30. Plaintiff did not discover, and could not discover through the exercise of reasonable diligence, the fact that Defendant was recording the conversations between Plaintiff and members of the Class and Defendant without their knowledge or consent.

31. Defendant concealed from Plaintiff and members of the Class that it was recording the conversations between itself on the one hand and Plaintiff or other members of the Class on the other hand.

32. Defendant concealed the fact that it was recording the afore-mentioned conversations to create the false impression in the minds of Plaintiff and members of the Class that they were not being recorded. At the outset of the conversations there was no warning that they were, or even may, be recorded. Such warnings are ubiquitous today.

---

[5] PCMag, Chandra Steele, *How Much Is Your Personal Data Worth?* (Nov. 25, 2020), available at https://www.pcmag.com/news/know-your-datas-worth (detailing the prices of personal data which is unknowingly provided to companies)

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action individually and on behalf of and all others similarly situated, as members of the proposed class (hereinafter "the Class") defined as follows:

> All persons in the United States whose inbound and outbound conversations via the chat feature on Defendant's website were recorded without their consent by Defendant or its agent/s within the applicable statute of limitations[6] through the date notice is provided to the Class.

34. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes members of the Class number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

35. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally recording inbound and outbound conversations via the chat feature on Defendant's website without their consent within the one year prior to the filing of the original Complaint in this action. Plaintiff and members of the Class were damaged thereby.

36. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand definition of the Class to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

37. The joinder of members of the Class is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

38. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class

---

[6] The applicable statute of limitations is based off the date of filing the original complaint which is January 11, 2023. *See Brian Heinz v. Amazon.com Inc. et al.*, No. CV2023-0085 (Super. Ct. of Cal., Yolo Conty.).

11
CLASS ACTION COMPLAINT

predominate over questions which may affect individual member of the Class, including the following:

   a. Whether Defendant has a policy of recording incoming and/or outgoing conversations via the chat feature on Defendant's website;

   b. Whether Defendant discloses and/or obtains consent from members of the Class that their incoming and/or outgoing conversations via the chat feature on Defendant's website were being recorded;

   c. Whether Defendant's policy of recording incoming and/or outgoing conversations via the chat feature on Defendant's website constituted a violation of Washington Privacy Act, Wash. Rev. Code §§ 9.73.030, et seq.,

   d. Whether Defendant's policy of recording incoming and/or outgoing conversations via the chat feature on Defendant's website constituted a violation of Washington Consumer Protection Act, Wash. Rev. Code §§ 19.86 et seq.;

   e. Whether Plaintiff, and the Class were damaged thereby, and the extent of damages for such violations; and

   f. Whether Defendant should be enjoined from engaging in such conduct in the future.

39.     As an individual whose conversations via the chat feature on Defendant's website with Defendant made from his cellphone were recorded without notice or consent, Plaintiff is asserting claims that are typical of the Class because every other member of the Class, like Plaintiff, was exposed to virtually identical conduct and is entitled to the greater of statutory damages.

40.     Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

41.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the

size of the individual members of the Class's claims, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

42. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

43. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Washington law. The interest of members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

44. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## First CAUSE OF ACTION

### VIOLATION OF THE WASHINGTON PRIVACY ACT:

### WASH. REV. CODE §§ 9.73.030, ET SEQ.

*ON BEHALF OF THE CLASS*

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Washington's state legislature enacted the WPA to prevent and punish widespread privacy violations carried out by entities such as Defendant. "Washington's privacy act [WPA] broadly protects individuals' privacy rights […]It is one of the most restrictive electronic surveillance laws ever promulgated." *State v. Roden*, 321 P.3d 1183, 1185 (Wash. 2014). Article 1, Section 7 of the Washington Constitution states that: "No person shall be disturbed in his private affairs, or his home invaded, without authority of law." Washington courts "generally presume that conversations between two parties are intended to be private." *State v. Modica*, 164 Wn. 2d 83, 89 (Wash. 2008).

47. Wash. Rev. Code § 9.73.030 states that: "Private communication transmitted by telephone, telegraph, radio, or other device between two or more individuals between points within or without the state by any device electronic or otherwise designed to record and/or transmit said communication regardless how such device is powered or actuated, without first obtaining the consent of all the participants in the communication." The same consent requirement applies to "private conversations by any device electronic or otherwise designed to record or transmit such conversation regardless how the device is powered or actuated."

48. Plaintiff is informed and believes, and thereupon alleges, that Defendant recorded private communications and/or conversation through the use of "devices" including software, computers, services, and websites within or without the state of Washington. Wash. Rev. Code § 9.73.030(1)(a); *State v. Townsend*, 147 Wn. 2d 666, 680 (Wash. 2002).

49. At no time during which these conversations were taking place between Defendant or any employee, agent, manager, officer, or director of Defendant, and any other person, did Defendant inform Plaintiff or any other member of the Class that the recording of their conversations were taking place and at no time did Plaintiff or any other member of the Class consent to this activity.

50. Defendant, knowing that this conduct was unlawful and a violation of Plaintiff's and the members of the Class's right to privacy and a violation of Wash. Rev. Code § 9.73.030, *et seq.*, did intrude on Plaintiff and the members of the Class's privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned recording activities relative to the conversations between Plaintiff and members of the Class, on the one hand, and Defendant on the other hand, as alleged herein above.

51. Based on the foregoing, Plaintiff and the members of the Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in Wash. Rev. Code § 9.73.060.

52. Wash. Rev. Code § 9.73.060 states that "[a]ny person who, directly or by means of a detective agency or any other agent, violates the provisions of this chapter shall be subject to legal action for damages, to be brought by any other person claiming that a violation of this statute

has injured his or her business, his or her person, or his or her reputation. A person so injured shall be entitled to actual damages, including mental pain and suffering endured by him or her on account of violation of the provisions of this chapter, or liquidated damages computed at the rate of one hundred dollars a day for each day of violation, not to exceed one thousand dollars, and a reasonable attorney's fee and other costs of litigation."

53. As the saying goes, "if you're not paying, then you're the product." Plaintiff and class members have unwittingly provided valuable conversational and other personal data in return for nothing. This type of data is estimated to have a price tag:[7]

| Age | Cost for Data *Per Person* | Percentage of Population | Total Demographic Cost |
|---|---|---|---|
| 18-24 | $0.36 | 11.92% | $14,253,466.27 |
| 25-34 | $0.11 | 21.80% | $7,791,894.90 |
| 35-44 | $0.12 | 20.30% | $8,368,383.54 |
| 45-54 | $0.27 | 13.76% | $12,346,312.34 |
| 55+ | $0.05 | 32.22% | $5,272,710.83 |

### SECOND CAUSE OF ACTION

### VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT:

### WASH. REV. CODE §§ 19.86, *et seq.*

*ON BEHALF OF THE CLASS*

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as stated herein.

55. The WCPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash. Rev. Code § 19.86.020. Washington state legislature declared that "the purpose of this act is to complement the body of federal law governing restraints of trade, unfair competition and unfair, deceptive, and fraudulent acts or practices in order to protect the public and foster fair and honest competition." Wash. Rev. Code § 19.86.920

---

[7] PCMag, Chandra Steele, *How Much Is Your Personal Data Worth?* (Nov. 25, 2020), available at https://www.pcmag.com/news/know-your-datas-worth

56. The Supreme Court of Washington held that "to prevail in a private [WCPA] action and therefore be entitled to attorney fees, a plaintiff must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge v. Safeco Title*, 105 Wn. 2d 778, 780 (Wash. 1986)

57. Defendant engaged in unfair or deceptive acts, omissions, and practices in the conduct of trade or commerce, in violation of Section 19.86.020, by violating Plaintiff's and the Class Members' rights to privacy and by secretly recording Plaintiff's and the Class Members' private chat communications without their consent.

58. As noted above, Washington state law has created a public policy against secretly recording consumers' communications without their express consent. Defendant has violated and is currently violating this public policy. Thus, Defendant's violations of the WCPA have a public interest impact given its prevalent and widespread scope.

59. Defendant's business practices caused Plaintiff and Class Members injury because of Defendant's unlawful recording practices. First, Plaintiff and the Class unknowingly gave Defendant their private information and chat logs, which Defendant used to train its staff and software without compensation to each consumer. Second, Plaintiff and the Class purchased products and services from Defendant, which they would not have done if they had known that Defendant intended to record and "mine" every communication between itself and each consumer for valuable data.

60. Plaintiffs and the Class Members are entitled to damages, statutory treble damages, and reasonable attorneys' fees under Washington Revised Code Section 19.86.090

**PRAYER FOR RELIEF**

**VIOLATION OF THE WASHINGTON PRIVACY ACT:**

**WASH. REV. CODE §§ 9.73.030, *ET SEQ.***

Wherefore, Plaintiff respectfully request the Court grant Plaintiff and members of the Class the following relief against Defendant:

61. That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;

62. For actual damages or liquidated damages computed at the rate of one hundred dollars a day for each day of violation, not to exceed one thousand dollars per violation;

63. For exemplary or treble damages;

64. For attorney's fees and costs, pursuant to Wash. Rev. Code § 9.73.060;

65. For prejudgment interest at the legal rate; and

66. For such further relief as this Court deems necessary, just, and proper.

**VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT:**

**WASH. REV. CODE §§ 19.86, *ET SEQ.***

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and members of the Class the following relief against Defendant:

67. That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;

68. For actual damages and exemplary damages up to an amount not to exceed three times the actual damages sustained per violation;

69. Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and the Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

70. That the Court preliminarily and permanently enjoin Defendant from recording each and every oncoming and outgoing conversations via the chat feature on Defendant's website, including Plaintiff and the Class, without their prior consent, and to maintain the confidentiality of the information of Plaintiff and the Class;

71. For exemplary or treble damages;

72. For attorney's fees and costs, pursuant to Wash. Rev. Code § 19.86.090;

73. For prejudgment interest at the legal rate; and

74. For such further relief as this Court deems necessary, just, and proper.

### **Trial By Jury**

75. Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: May 22, 2024                     CROSNER LEGAL, P.C.

                                           BY:   /s/   *Zachary M. Crosner*
                                                       ZACHARY M. CROSNER, ESQ.

Zachary M. Crosner (WA SBN 61644)
92 Lenora Street, #179
Seattle, WA 98121
Tel: 866-276-7637
Fax: 310-510-6429
zach@crosnerlegal.com

Adrian R. Bacon (CA SBN 280332)
(*pro hac vice forthcoming*)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Tel: 323-306-4234
Fax: 866-633-0228
abacon@toddflaw.com

*Attorneys for Plaintiff and the Proposed Class*