The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN HEINZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC. and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | No. 2:24-CV-000714-RSM<br><br>**AMAZON.COM, INC.'S MOTION TO DISMISS**<br><br>ORAL ARGUMENT REQUESTED<br><br>NOTE ON MOTION CALENDAR: November 22, 2024 |



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1
II. BACKGROUND ..... 2
A. Heinz Initiates a Customer-Service Chat on Amazon.com. ..... 2
B. Heinz Initially Files In California, as Part of a Rash of Copy-Cat Suits, But Amazon Successfully Moves to Transfer, Then Dismiss. ..... 2
C. Heinz Refiles Under Washington Law. ..... 4
III. LEGAL STANDARD ..... 4
IV. HEINZ FAILS TO STATE A PLAUSIBLE CLAIM ..... 4
A. Heinz's Claims Fail Because He Lacks the Requisite Injury. ..... 5
1. Heinz Fails to Allege a Cognizable Privacy Injury Under the WPA. ..... 5
2. Heinz Fails to Allege Economic Injury Under the CPA and WPA. ..... 6
B. Heinz's WPA Claim Should Be Dismissed for Other Reasons. ..... 8
1. Heinz Fails to Allege a Private Communication under the WPA. ..... 8
2. Heinz Fails to Allege the Requisite "Two or More Individuals." ..... 9
3. Heinz Has Not and Cannot Plead Lack of Consent. ..... 10
C. The CPA Claim Should Be Dismissed for Additional Reasons. ..... 11
1. Heinz Fails to Allege an Unfair or Deceptive Act or Practice. ..... 12
2. Heinz Fails to Plead the Requisite Causation. ..... 13
V. CONCLUSION ..... 13



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**


*Ackley v. Sec. Life Ins. Co. of Am.*,
2014 WL 3767459 (W.D. Wash. July 31, 2014) ....................8

*Alpert v. Nationstar Mortg. LLC*,
2019 WL 1200541 (W.D. Wash. Mar. 14, 2019) ....................12, 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................4

*Aziz v. Knight Transp.*,
2012 WL 3596370 (W.D. Wash. Aug. 21, 2012) ....................12

*Bass v. Facebook, Inc.*,
394 F. Supp. 3d 1024 (N.D. Cal. 2019) ....................7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................4

*Brinkley v. Monterey Fin. Servs., LLC*,
340 F. Supp. 3d 1036 (S.D. Cal. 2018) ....................7

*Byars v. Hot Topic, Inc.*,
656 F. Supp. 3d 1051 (C.D. Cal. 2023) ....................1, 3

*Cody v. Boscov's, Inc.*,
658 F. Supp. 3d 779 (C.D. Cal. 2023) ....................3

*Cousineau v. Microsoft Corp.*,
992 F. Supp. 2d 1116 (W.D. Wash. 2012) ....................8, 10, 11

*Esparza v. Lenox Corp.*,
2023 WL 2541352 (N.D. Cal. Mar. 16, 2023) ....................3

*Haywood v. Amazon.com, Inc.*,
2023 WL 4585362 (W.D. Wash. July 18, 2023) ....................12

*Heinz v. Amazon.com, Inc.*,
2023 WL 4466904 (E.D. Cal. July 11, 2023) ....................1, 3, 10

*Heinz v. Amazon.com, Inc.*,
2024 WL 2091108 (W.D. Wash. May 8, 2024) ....................1, 3, 10




Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*I.C. v. Zynga, Inc.*,
600 F. Supp. 3d 1034 (N.D. Cal. 2022) ....................................................................7

*In re Google Inc.*,
2013 WL 5423918 (N.D. Cal. Sept. 26, 2013) ......................................................11

*In re Meta Pixel Tax Filing Cases*,
-- F. Supp. 3d --, 2024 WL 3664037 (N.D. Cal. Aug. 6, 2024)...............................9

*In re Zillow Grp., Inc. Session Replay Software Litig.*,
2023 WL 5916559 (W.D. Wash. Sept. 11, 2023)......................................................5

*Jones v. Ford Motor Co.*,
85 F.4th 570 (9th Cir. 2023) ....................................................................................5

*Kotok v. Homecomings Fin., LLC*,
2009 WL 2057046 (W.D. Wash. July 14, 2009) .....................................................13

*Licea v. Am. Eagle Outfitters, Inc.*,
659 F. Supp. 3d 1072 (C.D. Cal. 2023) ....................................................................3

*Licea v. Cinmar, LLC*,
659 F. Supp. 3d 1096 (C.D. Cal. 2023) ....................................................................3

*Lowden v. T-Mobile USA Inc.*,
378 F. App'x 693 (9th Cir. 2010) ...........................................................................12

*Martin v. Sephora USA, Inc.*,
2023 WL 2717636 (E.D. Cal. Mar. 30, 2023) ..........................................................3

*McKee v. Gen. Motors Co.*,
601 F. Supp. 3d 901 (W.D. Wash. 2022)..............................................................5, 6

*Popa v. PSP Grp., LLC*,
2023 WL 7001456 (W.D. Wash. Oct. 24, 2023) .......................................................6

*Revitch v. New Moosejaw, LLC*,
2019 WL 5485330 (N.D. Cal. Oct. 23, 2019)............................................................6

*Russo v. Microsoft Corp.*,
2021 WL 2688850 (N.D. Cal. June 30, 2021) ...........................................................8

*Saeedy v. Microsoft Corp.*,
2023 WL 8828852 (W.D. Wash. Dec. 21, 2023) ..................................................6, 7

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ...............................................................................7, 12



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**State Cases**

*Ambach v. French*,
167 Wn.2d 167 (2009) ....................6

*Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*,
162 Wn.2d 59 (2007) ....................13

*Kadoranian by Peach v. Bellingham Police Dep't*,
119 Wn.2d 178 (1992) ....................9

*Panag v. Farmers Ins. Co. of Wash.*,
166 Wn.2d 27 (2009) ....................5, 7

*People v. Nakai*,
183 Cal. App. 4th 499 (2010) ....................11

*Robinson v. Avis Rent A Car Sys., Inc.*,
106 Wn. App. 104 (2001) ....................12

*State v. Clark*,
129 Wn.2d 211 (1996) ....................9

*State v. Townsend*,
147 Wn.2d 666 (2002) ....................9, 10, 11

**State Statutes**

RCW 9.73.030 ....................8

RCW 9.73.060 ....................5, 8



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Plaintiff Brian Heinz brings this putative class action against defendant Amazon.com, Inc. ("Amazon") based on allegations that Amazon saved customer service website chats Heinz initiated with Amazon. Heinz originally sued in California, as part of the rash of over 100 nearly identical boilerplate class-actions alleging California privacy violations based on the standard practice of recording customer service website chats. This wave of California copycat cases has been met with a corresponding wave of dismissals, with courts deeming them meritless and admonishing plaintiffs for filing similar "serial," "cookie cutter," "copy[] and paste[] … boilerplate" complaints. *Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1059–61 (C.D. Cal. 2023). The Eastern District of California enforced the Amazon.com Conditions of Use in transferring Heinz's claims to this Court, *Heinz v. Amazon.com, Inc.*, 2023 WL 4466904, at *5 (E.D. Cal. July 11, 2023), which in turn dismissed Heinz's California claims because Washington law governs this dispute. 2024 WL 2091108, at *5 (W.D. Wash. May 8, 2024).

Heinz has now refiled his claims under Washington law. But they fare no better than his California claims. As before, his complaint rests on nothing but conclusory assertions—the same cookie cutter allegations courts reject in dismissing similar privacy claims. Heinz thus fails to state either of his claims for violation of the Washington Privacy Act, RCW §§ 9.73.030, *et seq.* ("WPA") and Consumer Protection Act, RCW 19.86, *et seq*. ("CPA"), on multiple grounds.

***First***, Heinz has not and cannot plead cognizable injury under the CPA or WPA. Heinz alleges theories of privacy injury and economic injury—neither of which can support his claims.

***Second***, Heinz's WPA claim fails for several additional reasons. He pleads no "private" conversations because there is no reasonable expectation of privacy in online communications with a stranger or "bot." He pleads no conversation between "two individuals" because his alleged communications are with a robot. And he expressly and impliedly consented to any alleged recording, including because written, online communications are inherently recorded.

***Third***, Heinz's CPA claim further fails because he pleads no unfair or deceptive act or practice, nor a causal link between the alleged recording and his earlier-made purchases.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## II. BACKGROUND

### A. Heinz Initiates a Customer-Service Chat on Amazon.com.

Amazon operates an online store, offering customers a wide variety of products for sale. Sometime before July 2022, Plaintiff Brian Heinz purchased products through the Amazon website. *See* Dkt. 1 ("Compl.") ¶ 10.[1] Heinz alleges that between July and September 2022, he communicated with Amazon via the "chat" feature on Amazon's website to seek help with his prior orders. *See id.* The chat feature allows customers to send written questions to Amazon about its products and services, to which Amazon can then respond in writing. *See id.* ¶¶ 10, 12. Heinz highlights this feature as an easier and faster option for obtaining customer service. *Id.* ¶ 11. Heinz alleges his chats concerned "shipping disputes related to products purchased on [Amazon's] website." *Id.* ¶ 10. He alleges Amazon "intentionally" "record[ed]" the written messages he sent to Amazon's "chat bots" for help, though he does not allege those communications contained any private or confidential information. *Id.* ¶¶ 12–13. He also alleges that if a user requests a transcript of the chat, Amazon will respond: "You can take a screenshot of this conversation since we don't have an option to send it. No worries, this conversation is also recorded. If in case you contact us back we can still review it." *Id.* ¶ 12.

### B. Heinz Initially Files In California, as Part of a Rash of Copy-Cat Suits, But Amazon Successfully Moves to Transfer, Then Dismiss.

Heinz first sued Amazon in California state court in January 2023, alleging claims under California's Invasion of Privacy Act and Unfair Competition Law. *See* Compl. ¶ 4; *Heinz v. Amazon.com, Inc.*, No. 2:23-cv-1073 ("Prior Action"), Dkt. 1. His case came on the heels of a wave of over 100 nearly identical class actions across California (at least six of which were filed by Heinz's counsel), asserting statutory privacy violations based on companies' practice of

[1] The Complaint (at p. 2-3) erroneously lists two paragraphs numbered 10 and two paragraphs numbered 11.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

recording their website chats or interactions with customers. Those cases have been soundly rejected under Rule 12(b)(6) by nearly every court.[2]

Amazon removed the action to the Eastern District of California and moved to transfer venue to the Western District of Washington based on the forum selection clause in the Amazon.com Conditions of Use ("COUs"), to which Heinz agreed in making his purchases in the Amazon.com store. *See* Compl. ¶ 4; Prior Action, Dkt. 1. The Eastern District granted Amazon's motion, enforcing the COUs and their forum selection clause. 2023 WL 4466904, at *5 (order enforcing COUs and transferring Heinz's claims to Western District of Washington).

After transfer, Amazon moved to dismiss Heinz's California claims because the COUs' provide that disputes are governed by Washington law, not California law. Prior Action, Dkt. 52. On May 8, 2024, Judge Whitehead dismissed Heinz's complaint without prejudice, ruling "[b]ecause Washington law controls this dispute, Heinz's complaint containing exclusively California claims fails to state a claim on which relief can be granted." 2024 WL 2091108, at *5 (dismissing California claims). Judge Whitehead acknowledged that when customers agree to the COUs, they are also presented with and agree to the Privacy Notice. *See id.* at *1, *3. In repeatedly accepting the COUs, Heinz thus also repeatedly accepted Amazon's Privacy Notice, which expressly informed Heinz that Amazon "receive[s] and store[s] any information you provide in relation to Amazon Services" and does so "to provide and continually improve our products and services." *Id.* at *1.

---

[2] *E.g.*, *Byars*, 656 F. Supp. 3d at 1059–60 (dismissing webchat claims under California Invasion of Privacy Act, or "CIPA," §§ 631, 632.7; noting another plaintiff's firm are "serial litigants bringing numerous 'cookie cutter' lawsuits under CIPA against various businesses that operate websites" where they "copy[] and paste[] … boilerplate pleadings," "underscoring all of the deficiencies in the [complaint]"); *Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1104–13 (C.D. Cal. 2023) (dismissing webchat claims under CIPA §§ 631, 632.7); *Cody v. Boscov's, Inc.*, 658 F. Supp. 3d 779, 782–83 (C.D. Cal. 2023) (same); *Martin v. Sephora USA, Inc.*, 2023 WL 2717636, at *6–17 (E.D. Cal. Mar. 30, 2023) (recommending same), *adopted by* 2023 WL 3061957 (E.D. Cal. Apr. 24, 2023); *Licea v. Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072, 1081–85 (C.D. Cal. 2023) (dismissing webchat claim under CIPA § 631); *Esparza v. Lenox Corp.*, 2023 WL 2541352, at *2–3 (N.D. Cal. Mar. 16, 2023) (same).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**C. Heinz Refiles Under Washington Law.**

Rather than amend his complaint in the Prior Action, Heinz filed this new action on May 22, 2024, asserting claims under Washington law and invoking jurisdiction under the Class Action Fairness Act ("CAFA"). *See generally* Compl. As before, Heinz sues based on Amazon's alleged "recording" of the webchat messages he wrote to Amazon "chat bots" to obtain customer service and help regarding his Amazon purchases. *Id.* ¶¶ 10–13. He asserts claims for violation of the WPA and the CPA. *Id.* ¶¶ 45–60.

Heinz does not allege he suffered any actual monetary damages, but he purports to seek—on behalf of himself and a putative nationwide class—"damages, statutory treble damages," "exemplary or treble damages," "attorney's fees and costs" and seeks injunctive relief. *Id.* ¶ 60, at pp. 17–18. He does not, however, identify any actual damages.

## III. LEGAL STANDARD

To state a plausible claim, Heinz must allege facts that transcend the "speculative" and "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Although "a court must accept as true" well-pled factual allegations in ruling on a Rule 12(b)(6) motion, this "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Rule 8 requires "allegations plausibly suggesting (not merely consistent with)" a defendant's liability. *Twombly*, 550 U.S. at 557.

## IV. HEINZ FAILS TO STATE A PLAUSIBLE CLAIM

This is Heinz's third complaint premised on the same alleged conduct and his third failure to plead facts sufficient to state a claim. *See* Compl.; Prior Action Dkts. 1-1, 21. His two claims fail on multiple bases: (A) Heinz fails to plead any cognizable injury under the WPA and CPA; (B) Heinz fails to allege three elements of his WPA claim; and (C) Heinz fails to allege two elements of his CPA claim. For these reasons, the Court should dismiss both claims with prejudice.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**A. Heinz's Claims Fail Because He Lacks the Requisite Injury.**

Heinz fails to plead actual injury under the WPA or CPA. The CPA requires an injury to "business or property." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 57 (2009). The WPA similarly requires a showing "that a violation of [the] statute has injured [the plaintiff's] business, ... person, or ... reputation." RCW 9.73.060. Heinz purports to allege either a privacy injury (to invoke the WPA) or economic injury (to invoke both the WPA and CPA). *See* Compl. ¶¶ 1, 14, 17, 29, 50, 57. But he accomplishes neither, requiring dismissal of his claims.

**1. Heinz Fails to Allege a Cognizable Privacy Injury Under the WPA.**

Heinz attempts to allege a privacy injury under the WPA, which fails for two reasons.

***First***, as the Ninth Circuit has repeatedly held, "an invasion of privacy, without more, is insufficient to meet the statutory injury requirements of [the WPA]." *Jones v. Ford Motor Co.*, 85 F.4th 570, 575 (9th Cir. 2023); *McKee v. Gen. Motors Co.*, 601 F. Supp. 3d 901, 908 (W.D. Wash. 2022), *aff'd*, 2023 WL 7318690 (9th Cir. Nov. 7, 2023) (WPA "requires an injury *in addition to* a violation of the Act"). Plaintiff "must [also] allege an injury to 'his or her business, his or her person, or his or her reputation."' *Jones*, 85 F.4th at 574, 575 (affirming dismissal for failure to allege injury and rejecting plaintiff's argument "that a violation of the WPA itself is an invasion of privacy that constitutes remediable injury"); *see also In re Zillow Grp., Inc. Session Replay Software Litig.*, 2023 WL 5916559, at *1 (W.D. Wash. Sept. 11, 2023) (invasion of privacy injury requires showing "defendants' interception of [his] information amounts to 'an invasion of privacy interests that have been historically protected'") (quoting *Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58, 65 (W.D. Pa. 2023)).[3] Thus, any alleged harm to Heinz's purported "right to privacy" alone—without any alleged facts supporting an injury to his business, person, or reputation, *see* Compl. ¶¶ 1, 50, 57—fails to state a cognizable injury under the WPA.

[3] *In re Zillow* addressed the requirements for Article III standing, which is a different standard than the actual-injury requirements to state a claim under the WPA and CPA. *See, e.g.*, *Jones*, 85 F.4th at 573 ("the injury-in-fact prong of Article III standing and the merits of a WPA claim are separate inquiries").



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

***Second***, even if an alleged privacy injury alone *could* support a WPA claim (it cannot), Heinz fails to even allege such an injury. Heinz contends Amazon "intrude[d] on" his "privacy" by allegedly recording the customer-service chats he initiated with a chat bot. Compl. ¶¶ 10, 13, 50. But he alleges no *facts* supporting any privacy invasion. He does not identify any personal, sensitive, or otherwise private information that he shared in his customer service chats. Heinz instead alleges he merely sent "inquiries about shipping disputes." Compl. ¶ 10. But shipping logistics do not implicate sensitive or personal information that could establish an invasion of privacy. *See, e.g.*, *Popa v. PSP Grp., LLC*, 2023 WL 7001456, at *5 (W.D. Wash. Oct. 24, 2023) (dismissing where plaintiff did not allege defendant captured "any personally identifiable information"); *Saeedy v. Microsoft Corp.*, 2023 WL 8828852, at *5–6 (W.D. Wash. Dec. 21, 2023) (alleged collection of "users' internet browsing activities, internet searches, and online shopping behavior" does not "implicate[] a protectable privacy interest"); *Revitch v. New Moosejaw, LLC*, 2019 WL 5485330, at *3 (N.D. Cal. Oct. 23, 2019) (no reasonable expectation of confidentiality in communications "inquiring about items of clothing on a retail website").

Indeed, this Court has already rejected injury allegations like Heinz's as insufficient under the WPA. For example, in *McKee*, this Court dismissed a WPA claim for lack of injury where "Plaintiffs only allege[d] that their texts and call logs have been recorded and stored." 601 F. Supp. 3d at 909. As the Court explained, "Plaintiffs' concerns that their data could be accessed in the future by a third party" simply reflects concerns about the "unknown future." *Id.* Such "[p]otential injury … is not actual injury and is insufficient to meet the injury requirement of the WPA." *Id.* This Court should again reach the same conclusion here.

**2. Heinz Fails to Allege Economic Injury Under the CPA and WPA.**

Heinz also fails to plead any economic injury that could support a claim under the WPA or CPA. His alleged privacy injury is not "an injury to 'business or property.'" *Ambach v. French*, 167 Wn.2d 167, 171–73 (2009) (citation omitted) (personal injuries not compensable under CPA because they "do not constitute injury to business or property"). A cognizable injury occurs where plaintiff's "property interest or money is diminished because of the unlawful



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

conduct." *Panag*, 166 Wn.2d at 57; *see also Brinkley v. Monterey Fin. Servs., LLC*, 340 F. Supp. 3d 1036, 1044–45 (S.D. Cal. 2018) (dismissing WPA claim for lack of injury with no allegations that plaintiff incurred "any cellular telephone service fees"). Heinz pleads no such diminished property interest or loss of money resulting from Amazon's alleged conduct.

Heinz conclusorily asserts he was injured because he "provided valuable conversational and other personal data in return for nothing."[4] Compl. ¶ 53. But courts routinely hold that to establish an injury resulting from "loss of value in [his] data as property, [Heinz] must show that [he] personally lost money or property as a result of [Amazon's] conduct." *Saeedy*, 2023 WL 8828852, at *6; *see also Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024, 1040 (N.D. Cal. 2019) ("It is not enough to merely say the information was taken and therefore it has lost value. ... That the information has external value, but no economic value to plaintiff, cannot serve to establish that plaintiff has personally lost money or property."). Heinz has not alleged how he lost value in the chat transcripts, lost profit from the alleged recording of the chats without compensation, or how he was prevented from deriving economic benefit from the chats; he fails to allege any economic injury. *See Saeedy*, 2023 WL 8828852, at *6–7 (dismissing for lack of Article III standing where plaintiffs rested on bald references to the 'economic value" of allegedly collected information); *see also I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1054 (N.D. Cal. 2022) (dismissing for lack of standing where complaint "is devoid of any allegations describing how the breach devalued plaintiffs' specific information … such that they are prevented from deriving economic benefit from this information in the future").

His conclusory assertion that he would not have purchased from Amazon's website had he known about the alleged chat recording also fails to establish injury. This conclusion is unwarranted because his chats occurred *after* he made the purchases at issue. Compl. ¶ 10. The Court should disregard such conclusory, contradictory allegations. *Sprewell v. Golden State*

---

[4] Heinz has not even pled facts to establish there is any market for customer-service chats. While he asserts his "conversational data" is worth money, his citation for that proposition speaks to the cost to obtain demographic information, not customer-service chats. Compl. at p. 10 n.5.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"), *as amended* 275 F.3d 1187 (9th Cir.). Regardless, even crediting his contradictory and illogical allegation, it does not amount to an actual injury. Heinz does not allege that the products he purchased are not worth what he paid, nor that he tried but could not return them. His product purchase, which was worth what he paid, does not support an actual injury.

Because Heinz's factual allegations do not plausibly show any actual injury to his business or property, his claims fail. *See Ackley v. Sec. Life Ins. Co. of Am.*, 2014 WL 3767459, at *6 (W.D. Wash. July 31, 2014) (Martinez, J.) (dismissing CPA claim with prejudice where complaint "fails to identify an actual and particularized injury suffered by any potential plaintiff); *Cousineau v. Microsoft Corp.*, 992 F. Supp. 2d 1116, 1128 (W.D. Wash. 2012) (dismissing CPA claim where allegations do not "demonstrate that Microsoft's conduct drained data usage that would have otherwise been available to" plaintiff or lowered phone's market value); *Russo v. Microsoft Corp.*, 2021 WL 2688850, at *7 n.10 (N.D. Cal. June 30, 2021) (claim that plaintiffs "'would not have purchased []or would have paid less for' services absent misrepresentations … fails [to establish standing] because plaintiffs do not allege that their own services were affected by the alleged conduct").

**B. Heinz's WPA Claim Should Be Dismissed for Other Reasons.**

In addition to the lack of cognizable injury, Heinz's WPA claim fails for several other reasons. To state a WPA claim, Heinz must plausibly allege that "private communication" between "two or more individuals" were "record[ed]" using a "device … designed to record and/or transmit" without "consent by all parties," resulting in "injury[]." RCW 9.73.030, 9.73.060. Heinz fails to plead (1) any expectation of privacy, (2) two or more individuals participating in the conversation, or (3) lack of consent. Each alone justifies dismissal.

**1. Heinz Fails to Allege a Private Communication under the WPA.**

Heinz fails to allege the requisite "private" communication under the WPA. While the WPA does not expressly define "private," Washington courts have "adopted the dictionary



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

definition": "belonging to one's self … secret … intended only for the persons involved (a conversation) … holding a confidential relationship to something … a secret message: a private communication … secretly: not open or in public." *State v. Townsend*, 147 Wn.2d 666, 673 (2002) (citation omitted). Courts consider a number of factors to determine whether a communication is private, including the "subjective intention of the parties," "reasonableness of the participants' expectations," "duration and subject matter of the communication," and "role of the nonconsenting party and his or her relationship to the consenting party." *Id.* at 673–74.

Heinz alleges no facts concerning any reasonable intention to keep his customer-service chats with Amazon private. Indeed, he alleges he was chatting with "chat bots" to address "shipping disputes related to products purchased on [Amazon's] website." Compl. ¶¶ 10, 13. In other words, these were "routine conversations between strangers" over the internet concerning customer-service issues and were not private. *See State v. Clark*, 129 Wn.2d 211, 227–28 (1996) (conversations not private where defendants "had no concern for who" they were speaking to, "were routine conversations between strangers on the street concerning routine illegal drug sales," and defendants "would have not withheld the same information from any other prospective purchaser"). Heinz does not plead he communicated anything sensitive to the Amazon chat bots and thus has not alleged any private communications subject to protection under the WPA. *Kadoranian by Peach v. Bellingham Police Dep't*, 119 Wn.2d 178, 191 (1992) ("[T]he comments of Ms. Kadoranian were inconsequential, non-incriminating and made to a stranger. They were not the kind of communication that the privacy act protects.").

**2. Heinz Fails to Allege the Requisite "Two or More Individuals."**

Heinz does not identify "two or more individuals" affected by Amazon's purported recording of his chats as required by RCW 9.73.030(1)(a). He alleges he communicated with "chat bots." Compl. ¶ 13. An automated system, like a chat bot, is not an individual. *See In re Meta Pixel Tax Filing Cases*, -- F. Supp. 3d --, 2024 WL 3664037, at *1 (N.D. Cal. Aug. 6, 2024) ("[B]ecause Section 9.73.030(1)(a) covers only communications 'between two or more individuals,' it does not apply to communications between an individual and a business entity's



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

automated system.”). “Without an individual on the other end of [his] communication …, the transmission of [Heinz’s] data cannot be considered a communication under the WPA.” *Cousineau*, 992 F. Supp. 2d at 1129 (location data sent from phone not protected under WPA because not directed to an “individual”). This failing is also fatal to his claim.

**3. Heinz Has Not and Cannot Plead Lack of Consent.**

Heinz also fails to satisfy the lack-of-consent element. Heinz cannot dispute he accepted the COUs and Privacy Notice before his webchats with Amazon. Multiple courts—including this Court—have already found Heinz accepted the COUs, in transferring to this Court under the COUs’ forum selection clause, *Heinz*, 2023 WL 4466904, at *2–6, and then when this Court enforced the COUs’ choice-of-law provision, *Heinz*, 2024 WL 2091108, at *5.

When Heinz accepted the COUs, he also agreed to the incorporated Privacy Notice. Heinz accepted the COU and Privacy Notice when he registered his customer account, each time he signed into his account, and each time he made his purchases in the Amazon store. *See Heinz*, 2023 WL 4466904, at *2–3 (finding COU “must be accepted in order for a customer to make an account, every time the customer signs into the account, and every time the customer places an order”). That Privacy Notice informed Heinz that Amazon “receive[s] and store[s]” information customers provide, and explicitly notes that such information includes when users “communicate with us by phone, email, or otherwise” and “complete a … support ticket.” RJN Ex. 1 at 1, 4; *Heinz*, 2024 WL 2091108, at *1. The Privacy Notice also discloses that “**By using Amazon Services, you are consenting to the practices described in this Privacy Notice.**” RJN Ex. 1 at 1. In other words, Heinz consented that Amazon could “receive and store” the information he provides in communications to Amazon. Based on the pleadings and judicially noticeable matters, Heinz has not and cannot plead the requisite lack of consent.

In addition to Heinz’s express consent to the Privacy Notice, his allegations show he also impliedly consented to any recording. In *State v. Townsend*, the Washington Supreme Court held that there was no WPA violation because the communicating party consented to the recording based on (a) the nature of the communications and (b) the applicable privacy policy. 147 Wn.2d



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

at 678–79 (affirming conclusion that defendant "impliedly consented to the recording of his [electronic] messages"). Regarding email messages, the court held the sending party "had to understand that computers are, among other things, a message recording device and that his e-mail messages would be recorded on the computer of the person to whom the message was sent," so he was "properly deemed to have consented to the recording of those messages." *Id.* at 676. As for "real time" messages, the applicable privacy policy disclosed that recipients could "record the content" and advised users not to use the software if they "wish not to be exposed to these risks." *Id.* at 677. Given the privacy policy and the user's "general understanding of [the] technology" that he "took a risk that his messages might be recorded," the court held he "impliedly consented to the recording," and affirmed denial of the WPA claim. *Id.* at 678–79.

Here, too, the nature of Heinz's customer-service communications with chat bots necessarily meant his communications would be recorded, as he and any reasonable person would understand. Online chats are widely understood as not "confidential because the circumstances reflect that the communications could have easily been shared or viewed by," among other people, "any computer user with whom [the intended recipient] wanted to share the communication." *People v. Nakai*, 183 Cal. App. 4th 499, 518 (2010); *see also In re Google Inc.*, 2013 WL 5423918, at *22 (N.D. Cal. Sept. 26, 2013) ("individuals cannot have a reasonable expectation that their online communications will not be recorded"). This commonsense understanding of web chats, combined with Amazon's Privacy Notice, means that Heinz, at a minimum, impliedly consented to Amazon's recording of his customer-service communications.

### C. The CPA Claim Should Be Dismissed for Additional Reasons.

Heinz's CPA claim suffers from numerous, fatal deficiencies. "To state a claim for relief under the CPA, a plaintiff must establish (1) an unfair or deceptive act or practice (2) occurring in trade or commerce, (3) a public interest impact, (4) injury to the plaintiff's business or property, and (5) causation." *Cousineau*, 992 F. Supp. 2d at 1128 (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986)) (dismissing for lack



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

of CPA injury). In addition to the lack injury, which alone requires dismissal of the CPA claim, Heinz also fails to allege an (1) unfair or deceptive act or practice or (2) causation.

**1. Heinz Fails to Allege an Unfair or Deceptive Act or Practice.**

Heinz contends it was unfair or deceptive for Amazon to "secretly record[]" the customer-service chats without his consent. Compl. ¶ 57. But the Court disregards such conclusory assertions. *See, e.g.*, *Sprewell*, 266 F.3d at 988 (court need not accept conclusory allegations as true); *Aziz v. Knight Transp.*, 2012 WL 3596370, at *3 (W.D. Wash. Aug. 21, 2012) (allegations "too vague to raise the claim above the speculative and into the realm of plausibility"). Regardless, Amazon's Privacy Notice discloses that Amazon stores customer-service chats (*supra* Section IV.B.3), which means the alleged recording is not unfair or deceptive. *See Robinson v. Avis Rent A Car Sys., Inc.*, 106 Wn. App. 104, 119 (2001) (no "deceptive act … because the car rental companies disclosed the concession fee to the consumers"); *Haywood v. Amazon.com, Inc.*, 2023 WL 4585362, at *7 (W.D. Wash. July 18, 2023) ("exercising a right that a contract permits and is fully disclosed to the parties in advance is not an unfair or deceptive act or practice"); *Lowden v. T-Mobile USA Inc.*, 378 F. App'x 693, 695 (9th Cir. 2010) (affirming dismissal of CPA claim where the contract adequately disclosed the purportedly "unfair or deceptive act or practice"); RJN Exs. 1–4.

Further, an unfair act under the CPA requires that the alleged injury was "not reasonably avoidable by consumers." *Alpert v. Nationstar Mortg. LLC*, 2019 WL 1200541, at *6 (W.D. Wash. Mar. 14, 2019) (practice is unfair if it "causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and is not outweighed by countervailing benefits") (citation omitted). But the decision to communicate with Amazon's chat bots was entirely Heinz's. "An injury is reasonably avoidable if consumers 'have reason to anticipate the impending harm and the means to avoid it,' or if consumers are aware of, and are reasonably capable of pursuing, potential avenues toward mitigating the injury after the fact." *Alpert*, 2019 WL 1200541, at *6 (quoting *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168–69 (9th Cir. 2012)). Heinz alleges he could have avoided his claimed injury from the



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

alleged recording of his webchats by not initiating the chats, or by calling for customer service assistance instead. *See* Compl. ¶ 10. He decided not to call, however, because webchats were less of a "hassle" than a phone call. *Id.* Heinz thus has not pled an unfair or deceptive act or practice. *Alpert*, 2019 WL 1200541, at *6–7 (dismissing CPA claim because alleged harm "was reasonably avoidable" by plaintiff).

### 2. Heinz Fails to Plead the Requisite Causation.

Heinz also fails to plead the causation necessary to state his CPA claim. The CPA's causation standard requires showing that "but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 84 (2007). Heinz asserts he was injured because he "purchased products and services from [Amazon], which [he] would not have done if [he] had known that [Amazon] intended to record and 'mine' every communication between itself and each consumer for valuable data." Compl. ¶ 59. But the only communications he alleges Amazon recorded were customer-service chats concerning "shipping disputes related to products" he had already purchased. *Id.* ¶ 10. And Amazon disclosed it may record any information communicated to it. RJN Ex. __ at 1; *see Kotok v. Homecomings Fin., LLC*, 2009 WL 2057046, at *4 (W.D. Wash. July 14, 2009) (Martinez, J.) (dismissing CPA claim with prejudice based on documents "referenced in Plaintiffs' complaint" that "clearly belie Plaintiffs' contentions"). Heinz does not and cannot plausibly allege the "but for" casual link between his decision to purchase products off Amazon.com and his later decision to chat with Amazon concerning shipping issues.

## V. CONCLUSION

For the above reasons, the Court should dismiss Heinz's Complaint with prejudice.

DATED this 24th day of September, 2024.

Davis Wright Tremaine LLP
Attorneys for Amazon.com, Inc.

By <u>*/s/ John Goldmark*</u>
John A. Goldmark, WSBA #40980
Caleah N. Whitten, WSBA #60209



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 757-8136
Email: johngoldmark@dwt.com
Email: caleahwhitten@dwt.com

James H. Moon (*pro hac vice*)
Heather F. Canner (*pro hac vice*)
Sancho Accorsi (*pro hac vice*)
865 S. Figueroa St., 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899
Email: jamesmoon@dwt.com
Email: heathercanner@dwt.com
Email: sanchoaccorsi@dwt.com

I certify that this memorandum contains 4,830 words, in compliance with the Local Civil Rules.