The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN HEINZ, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC. and DOES 1 through 10, inclusive, and each of them,<br><br>                Defendant. | No. 2:24-CV-000714-RSM<br><br>**AMAZON.COM, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>ORAL ARGUMENT REQUESTED<br><br>NOTE ON MOTION CALENDAR: November 22, 2024 |

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS (2:24-CV-000714-RSM)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................... 1

II. HEINZ FAILS TO STATE A PLAUSIBLE CLAIM ................................................ 1

    A. Heinz's WPA and CPA Claims Fail Because He Lacks the Requisite Injury. ................................................................................................................ 1

        1. Heinz Fails to Allege Economic Injury Under the CPA and WPA. ......... 2

        2. Amazon Properly Challenges Heinz's WPA Injury Allegations. ............. 4

    B. Heinz's WPA Claim Should Be Dismissed for Other Reasons. ........................ 6

        1. Heinz Fails to Allege a Private Communication under the WPA. ............ 6

        2. Heinz Fails to Allege the Requisite "Two or More Individuals." ............. 7

        3. Heinz Has Not and Cannot Plead Lack of Consent. ................................. 8

    C. The CPA Claim Should Be Dismissed for Additional Reasons. ........................ 9

        1. Heinz Fails to Allege an Unfair or Deceptive Act or Practice. ................. 9

        2. Heinz Fails to Plead the Requisite Causation. ........................................ 11

III. CONCLUSION ......................................................................................................... 12

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS (2:24-CV-000714-RSM) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................................3

*Aziz v. Knight Transp.*,
  2012 WL 3596370 (W.D. Wash. Aug. 21, 2012) ........................................................3

*Beagle v. Amazon.com, Inc.*,
  2024 WL 4028290 (W.D. Wash. Sept. 3, 2024) .........................................................10

*Calhoun v. Google LLC*,
  526 F. Supp. 3d 605 (N.D. Cal. 2021) .........................................................................3

*Del Vecchio v. Amazon.com Inc.*,
  2011 WL 6325910 (W.D. Wash. Dec. 1, 2011) ...........................................................4

*Gen. Signal Corp. v. MCI Telecomm. Corp.*,
  66 F.3d 1500 (9th Cir. 1995) .......................................................................................5

*Gray v. Amazon.com, Inc.*,
  653 F. Supp. 3d 847 (W.D. Wash. 2023) ...................................................................10

*Hamilton v. State Farm Fire & Cas. Co.*,
  270 F.3d 778 (9th Cir. 2001) ...................................................................................4, 5

*Haywood v. Amazon.com, Inc.*,
  2023 WL 4585362 (W.D. Wash. July 18, 2023) ........................................................10

*Heinz v. Amazon.com, Inc.*,
  2023 WL 4466904 (E.D. Cal. July 11, 2023) ...........................................................5, 8

*Heinz v. Amazon.com Inc.*,
  2024 WL 2091108 (W.D. Wash. May 8, 2024) ...........................................................8

*In re Anthem, Inc. Data Breach Litig.*,
  2016 WL 3029783 (N.D. Cal. May 17, 2016) .............................................................2

*In re Facebook, Inc. Internet Tracking Litig.*,
  956 F.3d 589 (9th Cir. 2020) ..............................................................................2, 3, 8

*In re Google Inc.*,
  2013 WL 5423918 (N.D. Cal. Sept. 26, 2013) .............................................................9

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS (2:24-CV-000714-RSM) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*,
  440 F. Supp. 3d 447 (D. Md. 2020) ..................................................................................3

*In re Meta Pixel Tax Filing Cases*,
  2024 WL 3664037 (N.D. Cal. Aug. 6, 2024) .....................................................................8

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
  2017 WL 3727318 (N.D. Cal. Aug. 30, 2017) ...............................................................2, 3

*Klein v. Facebook, Inc.*,
  580 F. Supp. 3d 743 (N.D. Cal. 2022) ...............................................................................3

*Mastel v. Miniclip SA*,
  549 F. Supp. 3d 1129 (E.D. Cal. 2021) ..............................................................................4

*Riser v. Cent. Portfolio Control Inc.*,
  2022 WL 2209648 (W.D. Wash. June 21, 2022) ...............................................................6

*Taylor v. Amazon.com, Inc.*,
  2024 WL 3326430 (W.D. Wash. July 8, 2024) ...........................................................11, 12

**State Cases**

*Nunley v. Chelan-Douglas Health District*,
  2024 WL 4631030 (Wash. Ct. App. Oct. 31, 2024) .......................................................2, 4

*Panag v. Farmers Ins. Co. of Wash.*,
  166 Wn.2d 27 (2009) .......................................................................................................10

*State v. Hinton*,
  179 Wn.2d 862 (2014) .......................................................................................................6

*State v. Roden*,
  179 Wn.2d 893 (2014) .......................................................................................................7

*State v. Townsend*
  147 Wn.2d 666 (2002) .......................................................................................................9

**State Statutes**

Consumer Protection Act ........................................................................................... *passim*

Washington Privacy Act ............................................................................................. *passim*

**Rules**

Rule 8 .................................................................................................................................3

Rule 12(b)(6) ....................................................................................................................11

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS (2:24-CV-000714-RSM) - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Plaintiff Brian Heinz does not plausibly allege defendant Amazon.com, Inc. ("Amazon") recorded any private conversations or collected any valuable information from his customer service webchats about "shipping disputes." He thus cannot state either of his claims for violation of the Washington Privacy Act, RCW §§ 9.73.030, *et seq.* ("WPA") or Consumer Protection Act, RCW 19.86, *et seq.* ("CPA"). Heinz implicitly admits his deficient factual allegations by trying to rewrite his Complaint through his Opposition brief while claiming Amazon "misstates" his allegations. But his conclusory and vague allegations speak for themselves, and confirm his claims fail on multiple independent grounds.

*First*, Heinz lacks the economic injury required to state his WPA and CPA claims. Heinz's conclusory allegations about "shipping disputes" do not involve the type of sensitive personal information (e.g., social security numbers) required to establish a cognizable injury. Nor does judicial estoppel preclude Amazon from raising this argument, as the record and law make clear. *Second*, the WPA claim fails because online customer service chats with bots are neither "private" nor between "individuals," and he consented to any recording. *Third*, the CPA claim fails because Heinz alleges no unfair or deceptive conduct, nor the requisite causal link between Amazon's alleged recording and any injury.

The Court should dismiss the Complaint with prejudice.

## II. HEINZ FAILS TO STATE A PLAUSIBLE CLAIM

### A. Heinz's WPA and CPA Claims Fail Because He Lacks the Requisite Injury.

Heinz's two claims fail because he alleges no injury under the WPA or CPA. Dkt. 16 ("Mot.") at 10–13. Heinz concedes he has not alleged a cognizable privacy injury to support his WPA claim and apparently claims only economic injury under the WPA and CPA. As he lacks the allegations to establish such injury (Mot. 11–13), Heinz attempts to twist his Complaint to now argue (1) he has alleged economic injury through the loss of his "valuable personal data," relying on speculative and conclusory allegations; and (2) Amazon is estopped from challenging his WPA injury allegations. Dkt. 19 ("Opp.") at 10–15. His arguments fall flat.
AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS (2:24-CV-000714-RSM) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### 1. Heinz Fails to Allege Economic Injury Under the CPA and WPA.

Heinz acknowledges he must allege facts plausibly establishing he had a "measurable loss of money or property," i.e., he lost "valuable personal data." Opp. 10. But he fails to do so. His theory of harm rests on the vague and conclusory assertion that he provided Amazon with valuable "conversational and personal information." *Id.*, citing Dkt. 1 ("Compl.") at ¶¶ 29, 59. But Heinz pleads no *facts* supporting this conclusion. *See* Compl. ¶¶ 29, 59 (concluding Heinz provided "private information"). He alleges only that he made "inquiries about shipping disputes related to products purchased on Defendant's website." *Id.* ¶ 10. This does not establish—nor provide grounds to plausibly infer—that Heinz provided Amazon any "private information."

Heinz's own cited authority highlights his shortcoming. Opp. 11–13. Courts require plaintiffs to actually plead what information they provided to determine whether it is valuable or private. In *Nunley v. Chelan-Douglas Health District*, for example, the court found the data collected was "valuable personal information" where the plaintiff alleged specific and sensitive personal information, such as "full names, Social Security numbers, dates of birth, financial account information, medical treatment/diagnosis information, medical records or patient numbers, and/or health insurance policy information." -- P.3d --, 2024 WL 4631030, at *2–3 (Wash. Ct. App. Oct. 31, 2024). *Nunley* is consistent with the other cases Heinz cites. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 599–600 (9th Cir. 2020) (defendant's alleged "tracking practices allow it to amass a great degree of personalized information," including "an individual's likes, dislikes, interests, and habits over a significant amount of time," to build "a cradle-to-grave profile without users' consent"); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2017 WL 3727318, at *13–14 (N.D. Cal. Aug. 30, 2017) (defendant collected "names, email addresses, telephone numbers, birth dates, passwords, and security questions" along with any "financial communications and records involving credit cards"); *In re Anthem, Inc. Data Breach Litig.*, 2016 WL 3029783, at *2, *14–15 (N.D. Cal. May 17, 2016) ("personal information (such as names, dates of birth, Social Security numbers, health care ID numbers, home addresses, email addresses, and employment information, including income data) and

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS (2:24-CV-000714-RSM) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

individually-identifiable health information"); *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 440 F. Supp. 3d 447, 454, 461 (D. Md. 2020) ("names, mailing addresses, phone numbers, email addresses, passport numbers, … dates of birth, gender, arrival and departure information, reservation dates, communication preferences, payment card numbers, payment card expiration dates"); *Klein v. Facebook, Inc.*, 580 F. Supp. 3d 743, 803 (N.D. Cal. 2022) ("emails, private messages in social media apps, photos and videos, web browsing and search activity, and even location information"); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 622, 629–30 (N.D. Cal. 2021) (defendant collected "vast" amounts of "sensitive" information such as "unique, persistent cookie identifiers" and "browsing history" that the defendant collected under circumstances it disclaimed collecting in its privacy disclosures).

Heinz's communications about standard "shipping disputes" are a far cry from the type of specific, personal and sensitive information that courts have found to plausibly hold economic value. His conclusory allegations that his conversations have "value" cannot manufacture a plausible injury without supporting factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *Aziz v. Knight Transp.*, 2012 WL 3596370, at *3 (W.D. Wash. Aug. 21, 2012) (dismissing CPA claim premised on only "conclusory" and "vague" allegations that fail to "raise the claim above the speculative and into the realm of plausibility").

Heinz fails to otherwise allege facts that could demonstrate his communication holds any cognizable economic value.[1] In his cited cases, for example, the plaintiffs also alleged specific markets for and valuation of the collected data. *E.g., In re Facebook*, 956 F.3d at 599–600 (plaintiffs identified "study that values" the specific information collected); *In re Yahoo!*, 2017 WL 3727318, at *14 ("Plaintiffs' allegations that their PII is a valuable commodity, that a market exists for Plaintiffs' PII, that Plaintiffs' PII is being sold by hackers on the dark web, and that Plaintiffs have lost the value of their PII as a result, are sufficient to plausibly allege injury");

---

[1] In his Opposition, Heinz also vaguely claims he had "loss of personal control over his private information," but cites no authority or allegations to support any such injury. Opp. 9.

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS (2:24-CV-000714-RSM) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Nunley*, 2024 WL 4631030, at *11 (collected "means of identification … can have value and conceivably that value can be diminished or destroyed when their identities are misappropriated for illegal purposes."). While Heinz's Complaint cites an article about the cost to obtain *demographic* information, Heinz does not allege he provided Amazon any demographic information in his shipping-dispute chats. Compl. 11 n.5 & 16 n.7.

Without any factual allegations to plausibly establish economic value, Heinz fails to state his WPA and CPA claims. Mot. 11–13 (citing cases); *see also Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1144 (E.D. Cal. 2021) (holding plaintiff "failed to satisfy [California's consumer protection statute's] standing requirement because he has not alleged any economic injury … [the] complaint never mentions or describes the economic value of his personal information"); *Del Vecchio v. Amazon.com Inc.*, 2011 WL 6325910, at *6 (W.D. Wash. Dec. 1, 2011) (dismissing unjust enrichment claim because "Plaintiffs have not plead any facts from which the Court might infer that Defendant's decision to record, collect, and use its account of Plaintiffs' interactions with Defendant came at Plaintiffs' expense").

### 2. Amazon Properly Challenges Heinz's WPA Injury Allegations.

Heinz attempts to evade his WPA injury requirement altogether by invoking judicial estoppel, which is inapplicable here. Opp. at 14–15, citing *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). The Ninth Circuit "has restricted the application of judicial estoppel to cases where the court relied on, or 'accepted,' the party's previous inconsistent position." *Hamilton*, 270 F.3d at 783. Here, with (a) no previous inconsistent position and (b) no court acceptance of such position, judicial estoppel is inapplicable.

*First*, in moving to transfer, Amazon never argued that WPA does not require a showing of injury to Heinz's business, person, or reputation. Heinz takes out of context two lines from oral argument. Opp. 15, citing Dkt. 20-1 ("Straub Decl., Ex. A") at 8:13–14. But a simple review of the full argument shows Amazon was conceding the WPA does not require a showing of actual *damages* (Amazon said nothing about injury under the WPA). Straub Decl., Ex. A at 8:12–18 (the WPA has "a provision for statutory damages if no actual damages have been

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS (2:24-CV-000714-RSM) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

incurred"); *see also* No. 2:23-cv-00282-WBS-AC (E.D. Cal.), Dkt. 27 at 19 (noting "CIPA does not require a showing of actual damages" whereas WPA has an injury requirement). Heinz conflates damages with injury. Amazon only challenges the latter here. Mot. 10–13.

*Second*, the transferring court did not accept or rely on Amazon's position regarding WPA *injury* in transferring the case as Heinz asserts. Opp. 15, citing *Heinz v. Amazon.com, Inc.*, 2023 WL 4466904, at *4–5 (E.D. Cal. July 11, 2023). The transferor court looked at *damages* (remedies), because that is the issue the parties addressed, and not the question of cognizable *injury* under the WPA that is before the Court now. *Id.* ("Plaintiff argues that enforcing the forum selection clause will deny plaintiff his day in court because Washington law requires the showing of actual *damages*. … Although available *remedies* under Washington law are more limited than those available under California law, Washington law does not make all remedies unavailable.") (emphasis added). Indeed, the transferor court recognized in the very order Heinz relies upon that the WPA requires a showing of actual injury to be cognizable. *Id.* at *4 n. 6 (citing *McKee v. Gen. Motors Co.*, 601 F. Supp. 3d 901, 908 (W.D. Wash. 2022)). Amazon never argued, and the court never accepted, that the WPA lacks an injury requirement.

Finally, Heinz's assertion that Amazon played "fast and loose" with the court is neither factually true nor the standard for judicial estoppel. Amazon did not play "fast and loose" with the court, which requires "more egregious conduct than just 'threshold' inconsistency." *Gen. Signal Corp. v. MCI Telecomm. Corp.*, 66 F.3d 1500, 1505 (9th Cir. 1995). And there is no inconsistency: Amazon did not argue Heinz would have identical injury requirements under Washington and California law. *E.g.* No. 2:23-cv-00282-WBS-AC, Dkt. 28 at 16; Straub Decl., Ex. A at 8:8–11 (arguing only Heinz identified no "material difference" between CIPA and WPA to prevent transfer). Further, the "fast and loose" standard has never been adopted by the Ninth Circuit and is not sufficient to apply the doctrine. *See Gen. Signal*, 66 F.3d at 1505 ("fast and loose" is an unadopted, minority standard for applying estoppel); *Hamilton*, 270 F.3d at 783 (the court must accept the prior position for estoppel to apply). The Court should reject Heinz's misguided attempt to invoke this doctrine and circumvent the WPA's injury requirement.

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS (2:24-CV-000714-RSM) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### B. Heinz's WPA Claim Should Be Dismissed for Other Reasons.

#### 1. Heinz Fails to Allege a Private Communication under the WPA.

Heinz's WPA claim fails because he does not sufficiently allege his customer-service chats were "private." Mot. 13–14. Heinz's Opposition relies on speculation, conclusions, and distinguishable caselaw to argue otherwise. Opp. 15–19.

Heinz pleads no facts showing a reasonable expectation of privacy in his customer-service chats. He asserts he "had a reasonable expectation that his communications with Amazon would not be recorded without his consent" because "confidential and potentially sensitive personal information was being exchanged." Opp. 17; *see id.* at 18. But the Complaint does not allege that he actually exchanged any such confidential or sensitive personal information—and Heinz cannot "amend h[is] pleading via h[is] opposition brief." *Riser v. Cent. Portfolio Control Inc.*, 2022 WL 2209648, at *4 n.1 (W.D. Wash. June 21, 2022). His Complaint merely states Heinz communicated with Amazon's chat bots regarding "inquiries about shipping disputes," Compl. ¶ 10, which fails to plausibly demonstrate he was exchanging any confidential and sensitive information.

Heinz's caselaw also supports dismissal. The Washington Supreme Court has held that the constitutional privacy protections do not extend to records that "do not 'reveal intimate details of the [claimants']' lives, their activities, or the identity of their friends or political and business associates.'" *State v. Hinton*, 179 Wn.2d 862, 869 (2014) (quoting *State v. McKinney*, 148 Wn.2d 20, 30 (2002)), cited by Opp. 17–18. And while *Hinton* recognized that bank records are protected from government intrusion "because they 'may disclose what the citizen buys [and] what political, recreational, and religious organizations a citizen supports,'" *id.* at 874 (quoting *State v. Miles*, 160 Wn.2d 236, 246 (2007)), it did not recognize a brightline rule that citizens have privacy expectations in what purchases they make. Here, Heinz does not allege he included any specifics about his purchases in his "shipping dispute" chats—chats presumably about the timing of a delivery. Nor could Heinz reasonably believe his purchase history was private because Amazon already knew what Heinz bought.

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS (2:24-CV-000714-RSM) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Heinz also relies on distinguishable caselaw, attempting to analogize his customer-service chats to private text messages. Opp. 17, citing *State v. Roden*, 179 Wn.2d 893, 900 (2014). But text messages are considered private because they "enable[] '[l]ayered interpersonal communication[s]' that reveal 'intimate ... thoughts and emotions to those who are expected to guard them from publication.'" *Roden*, 179 Wn.2d at 901 (citation omitted). And "[i]ndividuals closely associate with and identify themselves by their cell phone numbers, such that the possibility that someone else will possess an individual's phone is 'unreflective of contemporary cell phone usage.'" *Id.* (citation omitted). This logic does not apply to the chats here: first, Heinz does not plead he revealed any intimate thoughts or emotions; and second, he pleads he communicated with an unknown chat bot and did not direct his communication to any specific person in particular. Heinz thus does not plead any allegations plausibly establishing his routine customer-service chats with Amazon's chat bots were "private" under the WPA.

### 2. Heinz Fails to Allege the Requisite "Two or More Individuals."

Because the WPA protects only communications between "two or more individuals," Heinz's alleged chat with a "chat bot" falls outside the statute's protections. Mot. 14–15. Heinz again attempts to improperly rewrite his Complaint in opposition to erase his chat bot allegation. Opp. 19. But Heinz alleges only that he conversed with Amazon via its website chat feature through chat bots. Compl. ¶¶ 10, 13. Contrary to his contention, he does not allege he communicated with any "employee[] and/or agent[]" of Amazon—only chat bots. Opp. 19.

Heinz's other arguments fare no better, as he misconstrues Amazon's position and relies on inapplicable caselaw. To start, Amazon did *not* argue that the form of communication (i.e., an online chat) falls outside the WPA, as Heinz erroneously construes. Mot. 14–15 (relying on express statutory language and unambiguous case law); *cf.* Opp. 20. His argument and authority on this point are thus irrelevant.

Further, Heinz's attempt to analogize the chat bot to a live "customer service representative" also fails. Opp. 21. As explained in *In re Meta Pixel Tax Filing Cases*—which Heinz fails to mention let alone distinguish—the WPA does not apply to data entered into an

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS (2:24-CV-000714-RSM) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

online form, because the information is sent to a business's automated system and not an individual. -- F. Supp. 3d --, 2024 WL 3664037, at *1–2 (N.D. Cal. Aug. 6, 2024) ("[WPA] does not apply to communications between an individual and a business entity's automated system."). Here, too, Heinz sent his information to an automated system—a chat bot—and not any particular individual. Heinz's reliance on *In re Facebook*, 956 F.3d at 600, is misplaced, as the court there examined whether plaintiffs alleged Article III standing under California law and did not address WPA's statutory requirements.

### 3. Heinz Has Not and Cannot Plead Lack of Consent.

Heinz's WPA claim also fails because he consented to recording: (a) explicitly by accepting the COUs and (b) impliedly by the nature of the chats. Mot. 15–16. Heinz argues for the third time that the COUs are unenforceable. Opp. 22–23. But multiple courts, including this Court, have already rejected this argument: in transferring to this Court under the COUs' forum selection clause, *Heinz*, 2023 WL 4466904, at *2–6, and then when this Court enforced the COUs' choice-of-law provision, *Heinz v. Amazon.com Inc.*, 2024 WL 2091108, at *5 (W.D. Wash. May 8, 2024). Heinz offers no basis to depart from those rulings in enforcing the COUs and Privacy Notice here; there is none. Heinz's other argument in opposition—that the Privacy Notice is too vague—fares no better.

Heinz complains the Privacy Notice fails to provide notice of Amazon's maintaining information from chats because searching the document for the term "recordings" only results in finding disclosures on Alexa devices. Opp. 22. But Heinz simply buries his head in the sand. The Privacy Notice makes clear that Amazon collects chat bot communications: The first hyperlink and bolded question in the notice asks "**What Personal Information About Customers Does Amazon Collect**?" Dkt. 20-2 ("Straub Decl., Ex. B") at 23; *see also* Dkt. 17-5 at 2. The bolded answer is "**Information You Give Us**," with a hyperlink to the "Examples of Information Collected" section. Straub Decl., Ex. B at 23; *see also* Dkt. 17-5 at 2. Under the bold "**Examples of Information Collected**" headline, Amazon discloses it collects "**Information You Give Us When You Use Amazon Services**." Straub Decl., Ex. B at 29; *see*

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS (2:24-CV-000714-RSM) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*also* Dkt. 17-5 at 5. Directly underneath this disclosure, Amazon provides examples of when "[y]ou provide information to us," including "communicat[ing] with us by phone, email, or otherwise." Straub Decl., Ex. B at 29; *see also* Dkt. 17-5 at 5. Amazon thus disclosed that it collects information Heinz provided in any communication with Amazon. The Privacy Notice also explains what Amazon potentially uses the collected information for, including improving its services. Straub Decl., Ex. B at 24; *see also* Dkt. 17-5 at 3. And by accepting the COUs, Heinz consented to any such collection and use.

Heinz's reliance on *In re Google Inc.*, 2013 WL 5423918 (N.D. Cal. Sept. 26, 2013) to argue lack of consent fails. That case analyzed different privacy policies—which (unlike the COUs) did *not* explicitly advise of the practice at issue—under different laws (Wiretap Act and California Invasion of Privacy Act) and has no bearing here. *Id.* at *14 (analyzing Google's policies, which "do not put users on notice that their emails are intercepted to create user profiles"). Similarly, Heinz's attempt to distinguish *State v. Townsend*, 147 Wn.2d 666 (2002), on the grounds that he had no notice of the recording fails. Opp. 21–22. Amazon's disclosure that it would collect information contained in communications, and the written and shareable nature of online customer-service chats,[2] establish Heinz's implied consent. Mot. 15–16.

### C. The CPA Claim Should Be Dismissed for Additional Reasons.

#### 1. Heinz Fails to Allege an Unfair or Deceptive Act or Practice.

Heinz cannot establish Amazon engaged in an unfair or deceptive act or practice because (a) Amazon's Privacy Notice disclosed the conduct of which he complains and (b) he could have reasonably avoided any alleged injury from such conduct. Mot. 16–18. Heinz does not meaningfully engage with either argument.

*First*, Heinz concludes he pleads unfair or deceptive conduct because Amazon's disclosures "are misleading or incomplete." Opp. 23 (citing *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 55 (2009)). But he does not identify anything misleading in the Privacy Notice.

---

[2] Further, Heinz's claim that he did not impliedly consent to the purchase information he communicated being recorded is implausible, as Heinz would have already authorized multiple recordings of his purchases (e.g., receipts, email confirmations, order history).

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS (2:24-CV-000714-RSM) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Instead, he again claims the Notice does not "clearly or explicitly inform users that real-time customer-service chats would be recorded," Opp. 24, ignoring its disclosure that Amazon collects information provided by users when "communicat[ing] with us by phone, email, or otherwise." Straub Decl., Ex. B at 29; *see also* Dkt. 17-5 at 5. Amazon thus disclosed it collected information Heinz provided in *any* communication he had with Amazon—including the customer-service chats. Such conduct cannot be unfair or deceptive as a matter of law. *E.g. Haywood v. Amazon.com, Inc.*, 2023 WL 4585362, at *7 (W.D. Wash. July 18, 2023) ("exercising a right that a contract permits and is fully disclosed to the parties in advance is not an unfair or deceptive act or practice"); Mot. 17–18. *Panag* is inapplicable; there, the disclosure itself was the unfair or deceptive act that allegedly violated the CPA. 166 Wn.2d at 55.

*Second*, Heinz curtly asserts a customer could not reasonably avoid the harm because "reliance on Amazon's chat service is a reasonable action given the convenience and common usage of such services, and it is not reasonably avoidable harm when the full scope of data recording is not adequately disclosed." Opp. 24. Heinz had reason to anticipate Amazon would record the chats because the Privacy Notice expressly advised him that Amazon collects such information, Dkt. 17-5 at 5, and because he knows customer-service chats are routinely recorded. Compl. ¶¶ 24–26. If he did not want Amazon to have the information he disclosed in such chats, he did not have to initiate such communications and could have avoided the alleged injury. *See Gray v. Amazon.com, Inc.*, 653 F. Supp. 3d 847, 859 (W.D. Wash. 2023) ("In light of Amazon's disclosures, consumers would have 'reason to anticipate' their injury and 'the means to avoid it'—i.e., by reviewing the Alexa Terms and decline to purchase and use an Alexa-enabled device."); *Beagle v. Amazon.com, Inc.*, 2024 WL 4028290, at *4 (W.D. Wash. Sept. 3, 2024) ("Even if Plaintiffs had alleged that disclosure of their PII … is likely to cause them substantial injury however, that injury would have been avoidable. Plaintiffs allege that the relevant terms and conditions disclose these exact data practices. … [A]ll Plaintiffs had to do to avoid the alleged injury was read the terms and conditions and choose not to use Amazon's services.").

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS (2:24-CV-000714-RSM) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### 2. Heinz Fails to Plead the Requisite Causation.

Finally, Heinz's CPA claim also fails because he does not establish causation. Mot. 18. While Heinz cites the correct standard—but-for causation—he confusingly asserts he need not show "the unfair or deceptive act directly relates to the transaction itself; rather, it requires a showing that the deceptive practice had an impact on the consumer's decisions." Opp. 24. This misstates the law. Heinz must show that "but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Id.* at 25 (quoting *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 84 (2007)). Heinz does not meet this standard.

Heinz claims he pleads that "had he been aware of Amazon's undisclosed recording practices, he would not have engaged with Amazon's customer service in the manner he did." Opp. 25, citing Compl. ¶ 59. This fails to link his claimed purchase injury to the chat recording, and in any case, is not what he alleged. Rather, the cited allegation says he "purchased products and services from Defendant, which [he] would not have done if [he] had known that Defendant intended to record and 'mine' every communication" with him. Compl. ¶ 59. Putting aside his failure to establish injury, *supra* pp. 1–4, these circular, conclusory allegations cannot establish the requisite causal link. Amazon *did* disclose it might collect and use information disclosed in chats, Straub Decl., Ex. B at 24; *see also* Dkt. 17-5 at 5, precluding Heinz's allegations that Amazon's failure to disclose that information caused any injury. Nor does Heinz plead that Amazon had any obligation to disclose such information at the time he made any purchases.

Heinz's conclusory allegation that he would not have purchased the products but for Amazon's failure to disclose practices relating to its webchats is simply a "naked recitation of proximate cause [that] falls short of the Rule 12(b)(6) standard." *Taylor v. Amazon.com, Inc.*, 2024 WL 3326430, at *5 (W.D. Wash. July 8, 2024) (dismissing CPA claim for failure to allege facts supporting causation). His conclusory allegations is also implausible because the communications allegedly concerned shipping disputes related to products Heinz *had already purchased*. Compl. ¶ 10. Heinz identifies no allegations (let alone plausible allegations) that he considered any privacy implications when making his purchasing decisions. Heinz cites no

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS (2:24-CV-000714-RSM) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

authority to support such a tenuous theory of causation, which fails. *See Taylor*, 2024 WL 3326430, at *5 ("Plaintiffs fail to show causation under the CPA" because "Plaintiffs have not alleged that without Amazon's alleged deceptive or unfair practices 'injury complained of ... would not have happened'") (citation omitted).

### III. CONCLUSION

For the above reasons, the Court should dismiss Heinz's Complaint with prejudice.

DATED this 22d day of November, 2024.

> DAVIS WRIGHT TREMAINE LLP
> Attorneys for Amazon.com, Inc.
>
> By */s/ John Goldmark*
> John A. Goldmark, WSBA #40980
> Caleah N. Whitten, WSBA #60209
> 920 Fifth Avenue, Suite 3300
> Seattle, WA 98104-1610
> Telephone: (206) 757-8136
> Email: johngoldmark@dwt.com
> Email: caleahwhitten@dwt.com
>
> James Moon (*pro hac vice*)
> Heather F. Canner (*pro hac vice*)
> Sancho Accorsi (*pro hac vice*)
> 865 S. Figueroa St., 24th Floor
> Los Angeles, California 90017-2566
> Telephone: (213) 633-6800
> Fax: (213) 633-6899
> Email: jamesmoon@dwt.com
> Email: heathercanner@dwt.com
> Email: sanchoaccorsi@dwt.com
>
> I certify that this memorandum contains 4,190 words, in compliance with the Local Civil Rules.

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS (2:24-CV-000714-RSM) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax