UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN HEINZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC. and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No. C24-714RSM<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |

## I. INTRODUCTION

This matter comes before the Court on Defendant Amazon.com, Inc. ("Amazon")'s Motion to Dismiss under Rule 12(b)(6). Dkt. #16. Plaintiff Brian Heinz opposes. Dkt. #19. The Court has determined that it can rule without oral argument. For the reasons stated below, the Court GRANTS this Motion with leave to amend.

## II. BACKGROUND

For purposes of this Motion to Dismiss, the Court will accept all facts stated in the Complaint, Dkt. #1, as true.

Plaintiff Brian Heinz used his phone in 2022 to visit Amazon.com and had "conversations with Defendant via the chat feature on Defendant's website." Dkt. #1 at 3. This "included inquiries about shipping disputes related to products purchased on Defendant's website." *Id*. at 3–4. At no time during these interactions did Amazon disclose that it was

recording the words being typed back and forth. However, it is Amazon's practice to record all chat transcripts with customers. If a user asks Amazon whether the chat conversations are recorded and asks for a transcript, they receive the following message: "You can take a screenshot in this conversation since we don't have an option to send it. No worries, this conversation is also recorded. If in case you contact back we can still review it." *Id*. at 4.

Mr. Heinz pleads he has "suffered injury as a result of Defendant's unlawful recording practices," because he gave his "private information and chat logs unknowingly, which Defendant used to train its staff and software without compensation to Plaintiff," and that "Plaintiff provided his conversational data which is worth money and received nothing in return." *Id*. at 11. Plaintiff also pleads that he and others "purchased products and services from Defendant, which they would not have done if they had known that Defendant intended to record and 'mine' every communication between itself and each consumer for valuable data." *Id*. at 17. The Complaint includes several pages of quotes from articles as to the value of the data collected from customers in this way. Heinz highlights how "Amazon's competitors do inform their customers that the live chat conversations are recorded." *Id*. at 8.

This putative class action is brought by Mr. Heinz on behalf of all persons in the United States "whose… conversations via the chat feature on Defendant's website were recorded without their consent by Defendant [within the statute of limitations]." Dkt. #1 at 12. Plaintiff brings causes of action for violations of the Washington Privacy Act ("WPA"), RCW § 9.73.030, et seq., and the Washington Consumer Protection Act ("CPA"), §19.86, et seq.

### III.    DISCUSSION

**A. Legal Standard under Rule 12(b)(6)**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v.*

*Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

B. Analysis

Subject to exceptions, the WPA prohibits a corporation from intercepting or recording a private communication or conversation without first obtaining the consent of all persons engaged in the conversation. RCW § 9.73.030.

Under the CPA, a plaintiff must establish five elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 719 P.2d 531, 533 (Wash. 1986).

Amazon first argues that Mr. Heinz fails to plead actual injury as required under the WPA and CPA. As stated above, the CPA requires an injury to "business or property." The

WPA similarly requires a showing "that a violation of [the] statute has injured [the plaintiff's] business, ... person, or ... reputation." RCW 9.73.060. Amazon also argues that Heinz fails to allege facts supporting an invasion of his privacy by recording these chat conversations:

> He does not identify any personal, sensitive, or otherwise private information that he shared in his customer service chats. Heinz instead alleges he merely sent "inquiries about shipping disputes." Compl. ¶ 10. But shipping logistics do not implicate sensitive or personal information that could establish an invasion of privacy. *See, e.g., Popa v. PSP Grp., LLC*, 2023 WL 7001456, at *5 (W.D. Wash. Oct. 24, 2023) (dismissing where plaintiff did not allege defendant captured "any personally identifiable information"); *Saeedy v. Microsoft Corp.*, 2023 WL 8828852, at *5–6 (W.D. Wash. Dec. 21, 2023) (alleged collection of "users' internet browsing activities, internet searches, and online shopping behavior" does not "implicate[] a protectable privacy interest"); *Revitch v. New Moosejaw, LLC*, 2019 WL 5485330, at *3 (N.D. Cal. Oct. 23, 2019) (no reasonable expectation of confidentiality in communications "inquiring about items of clothing on a retail website").

*Id*. at 11. Amazon points out that this Court has rejected a CPA claim for lack of injury where "Plaintiffs only allege[d] that their texts and call logs have been recorded and stored." *Id*. (citing *McKee v. Gen. Motors Co.*, 601 F. Supp. 3d 901, 909 (W.D. Wash. 2022), *aff'd*, 2023 WL 7318690 (9th Cir. Nov. 7, 2023)).

In Response, Mr. Heinz argues that he has been "deprived" of his data, which has "inherent value in today's digital economy." Dkt. #19 at 10–11. He responds:

> Amazon's reliance on cases like *Saeedy v. Microsoft Corp.*, 2023 WL 8828852 (W.D. Wash. Dec. 21, 2023) is misplaced. *See* Mtn. at 6. The information collected by the defendant in *Saeedy* was not private, personal information, but rather browsing history which was not linked to those plaintiffs. *Saeedy v. Microsoft Corp.*, 23-cv-1104, 8 (W.D. Wash. Dec. 21, 2023) ("Plaintiffs have not alleged that they provided any personal or sensitive information to Microsoft that implicates a protectable privacy interest."). Similarly, Popa involved website browsing history—not one-on-one private conversations like here. *Popa v. PSP Grp., LLC*, No. C23-0294JLR, 2023 WL 7001456, at *1 (W.D. Wash. Oct. 24, 2023). *Popa* also involved Pennsylvania law. *Id*. at *2. *Revitch*

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 4

> involved "browsing activity" and not actual conversations. *Revitch v. New Moosejaw, LLC*, No. 18-CV-06827-VC, 2019 WL 5485330, at *3 (N.D. Cal. Oct. 23, 2019). By contrast to the cases cited by Amazon, Heinz has alleged that the data recorded by Amazon was valuable personal information that was taken without compensation and used to benefit Amazon commercially.

*Id.* at 12.

Generous with citations to academic research on the value of customer data, the Complaint is quite miserly with what Heinz actually typed into the recorded chats. The recording of "inquiries about shipping disputes" is not enough to plausibly constitute an injury under these causes of action. *See Popa v. PSP Grp., LLC*, 2023 WL 7001456, at *5 (W.D. Wash. Oct. 24, 2023); *Saeedy v. Microsoft Corp.*, 2023 WL 8828852, at *5–6 (W.D. Wash. Dec. 21, 2023). As the pleading currently stands, it is far more plausible that the captured information was not private or personal, or that the recording of the information otherwise constituted an injury to Plaintiff. Just because customer data is valuable does not mean it is private. This is a sufficient basis to dismiss all the claims in the Complaint.

Amazon also says Mr. Heinz consented to the recording of his chats by accepting Conditions of Use ("COUs") when he used Amazon's services. *See* Dkt. #16 at 8 and 15. Specifically:

> Heinz accepted the COU and Privacy Notice when he registered his customer account, each time he signed into his account, and each time he made his purchases in the Amazon store. *See Heinz*, 2023 WL 4466904, at *2–3 (finding COU "must be accepted in order for a customer to make an account, every time the customer signs into the account, and every time the customer places an order"). That Privacy Notice informed Heinz that Amazon "receive[s] and store[s]" information customers provide, and explicitly notes that such information includes when users "communicate with us by phone, email, or otherwise" and "complete a … support ticket." RJN Ex. 1 at 1, 4; *Heinz*, 2024 WL 2091108, at *1. The Privacy Notice also discloses that "By using Amazon Services, you are consenting to the practices described in this Privacy Notice." RJN Ex. 1 at 1. In other words, Heinz

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 5

> consented that Amazon could "receive and store" the information he provides in communications to Amazon. Based on the pleadings and judicially noticeable matters, Heinz has not and cannot plead the requisite lack of consent.

*Id*. at 15. Mr. Heinz does not plead anything about this issue. Instead, he argues that the COU language is not explicit enough. The Court finds that, under the facts as alleged, Mr. Heinz's multiple interactions with Amazon.com, including making purchases, and the explicit language about "communicat[ing] with us by phone, email, or otherwise" and a "support ticket" should have put him on notice that his data, typed into Amazon's support system, would be received and stored. Adequate notice means consent, which means no WPA claim.

The reasons above are sufficient to dismiss the claims and the Court need not address other issues raised in Amazon's Motion. However, the Court finds that the above deficiencies with the Complaint are largely due to a lack of detail and can possibly be cured by amendment. The Court will therefore grant leave to amend. The Court urges Plaintiff to consider all issues raised in Amazon's Motion.

## IV.    CONCLUSION

Having reviewed the relevant pleading and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Dismiss under Rule 12(b)(6), Dkt. #16, is GRANTED. Plaintiff's claims are DISMISSED with leave to amend. Plaintiff shall have thirty (30) days to file an amended complaint. If Plaintiffs fail to do so, this case will be closed.

DATED this 18th day of December, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE